# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. |
| ALEXA MARIE BRAUD | ) | 26-mj-11 MAG |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of February 4, 2026 in the parish of Jefferson in the Eastern District of Louisiana, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2113(b) | Bank Theft |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

/s/Patrick B. Strawn
*Complainant's signature*

Patrick B. Strawn, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: February 11, 2026

*Judge's signature*

City and state: New Orleans, Louisiana    Hon. Janis van Meerveld, United States Magistrate Judge
*Printed name and title*

___Fee___
x  Process   2 cc USM
x  Dktd      nml
___CtRmDep___
___Doc. No___

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 26-mj-11 |
| v. | * | |
| ALEXA MARIE BRAUD | * | |

\* \* \*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Patrick B. Strawn, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am currently employed as a Special Agent with Homeland Security Investigations (HSI), Special Agent in Charge New Orleans, LA (HSI New Orleans), within the U.S. Department of Homeland Security (DHS) and have been so employed since December of 2025.

2. Prior to HSI, I was employed by the Federal Bureau of Investigation (FBI) from May of 2002 until August of 2025. During my employment with the FBI, I was assigned to the Memphis Division from August of 2002 until July of 2010 and the New Orleans Division from July of 2010 until August of 2025. From approximately March of 2011 until August of 2015, I was assigned to the FBI's Violent Crime Squad where I investigated a wide variety of federal criminal violations within Title 18 of the United States Code.

3. My present responsibilities include the investigation of violations of Titles 8, 18, 19, 21, 31, 49, and 50 and Title 18 of the United States Code and related offenses. I am authorized to investigate violations of federal criminal law.

4. The statements in this affidavit are based upon my own knowledge, my review of records from Gretna Police Department, Gretna, LA, ("Gretna PD"), Riverland Federal Credit Union ("RFCU"), and upon information that I obtained from other law enforcement officers involved with this investigation. Because this affidavit is being submitted for the limited purpose

of securing a criminal complaint, I have not included every fact known to me concerning this investigation. I have set forth only facts that I believe are necessary to establish probable cause for the requested warrant, and do not set forth all of my knowledge about this matter.

5. On Wednesday, February 4, 2026, at approximately 11:32 a.m., a police officer with Gretna PD, was dispatched to the RFCU, 1001 Virgil Street, Gretna, Louisiana 70053, in reference to a reported theft of bank funds.

6. RFCU is insured by the National Credit Union Administration Board.

7. Upon arrival, the Gretna Police Officer met with an RFCU manager **("EMPLOYEE 1")** who advised that a significant amount of money was missing from the safe at this branch bank location.

8. The Gretna Police Officer reviewed the surveillance footage at the branch bank location, which showed an individual identified as **ALEXA MARIE BRAUD ("BRAUD")**, entering the bank location at approximately 7:35 a.m. **BRAUD** was then observed walking towards the safe at the rear of the bank holding a grey/black bag. **BRAUD** then disarmed the alarm system and placed her work identification card on the teller's desk adjacent to the safe. **EMPLOYEE 1** confirmed that the individual displayed in the bank surveillance video was **BRAUD**, which matched the bank identification card located on the teller's desk.

9. **BRAUD** placed her bag on top of the safe and opened the door of the safe. **BRAUD** was observed bending down and manipulating the contents of the safe. **BRAUD** then obtained the grey/black bag from the top of the safe and brought it down to her level, out of camera view. **BRAUD** then closed the door of the safe and exited the bank without locking the safe or re-arming the alarm system. At approximately 7:37 a.m., **BRAUD** left her bank-issued identification card lying on the teller's desk and exited the bank.

10. A security guard positioned at the bank was recording vehicles entering and exiting the bank's parking lot. The security guard roster indicated **BRAUD** exited the parking lot at approximately 7:39 a.m. on February 4, 2026.

11. **EMPLOYEE 1** informed the Gretna Police Officer that an initial count was completed of the money contained in the safe after the theft. A subsequent/secondary count of the safe determined the total dollar amount missing/out of balance from the safe was one hundred eighty-one thousand dollars ($181,000). This money count was generated based on the difference in the amount that was currently in the safe compared to what was indicated to be in the safe from the previous workday's count.

12. **BRAUD** has been employed at the branch bank location for approximately eighteen months and opens the branch every morning. **BRAUD** was the only employee at the location at the time of the incident and was not authorized or approved to remove the bank funds from the branch bank on February 4, 2026.

13. During the investigation by Gretna PD, a residential security video was located which captured what appeared to be **BRAUD** placing several bags, including the grey/black bag seen in the bank surveillance video, into the red Toyota Corolla registered to **BRAUD**. The Toyota Corolla is assigned Louisiana license plate 643GYT.

14. **BRAUD** and her vehicle were located by the Florida Highway Patrol (FHP) in the Pensacola, Florida area. FHP conducted a traffic stop of **BRAUD,** and **BRAUD** was taken into custody based on an arrest warrant obtained by the Gretna PD.

15. After **BRAUD** was arrested, but before any questioning occurred, **BRAUD** made unsolicited utterances to law enforcement officers admitting that she stole the money, and that the money and a firearm were in the vehicle.

16. During an inventory search of **BRAUD**'s vehicle by FHP prior to impoundment, U.S. Currency and a firearm were located inside of **BRAUD**'s vehicle. The U.S. Currency was seized, counted, and totaled $149,620.00 USD recovered from **BRAUD**'s vehicle.

## TITLE 18 UNITED STATES CODE SECTION 2113(b) (BANK THEFT)

17. Your affiant alleges that **ALEXA MARIE BRAUD** committed the violation of Title 18 United States Code Section 2113(b) which in pertinent part reads as follows: Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $1,000 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined under this title or imprisoned not more than ten years or both.

## PROBABLE CAUSE FOR ARREST

18. Based on the facts presented above, namely that on February 4, 2026, **ALEXA MARIE BRAUD** entered Riverland Federal Credit Union located at 1001 Virgil Street, Gretna, Louisiana 70053, where she was employed. **BRAUD** used her code to enter the credit union vault, and removed $181,000.00, and was later apprehended by Florida Highway Patrol. I believe probable cause exists for the issuance of a warrant based on **BRAUD'**s violation of **Title 18, United States Code, Section 2113(b) (Bank Theft)** in the Eastern District of Louisiana.

/s/Patrick B. Strawn
Patrick B. Strawn
Special Agent
Homeland Security Investigations

*Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.*

Subscribed to and sworn before me,
this 11th day of February, 2026.
New Orleans, Louisiana.

HONORABLE JANIS VAN MEERVELD
UNITED STATES MAGISTRATE JUDGE

4